OPINION OF THE COURT
DARRELL DOWTY, Justice.
Seven members of the Cherokee Nation Tribal Council bring this action requesting that this Court declare the provisions of Legislative Act 2-96, the “Cherokee Nation Non-profit Corporations Act” and its amendments to be unconstitutional. The challenged Act was authority for the establishment of the non-profit Cherokee Nation Education Corporation (hereinafter “the Corporation”) as an entity qualifying under the provisions of the IRS Code Title 26, Section 501(c)(3). The Corporation is established exclusively for charitable and educational purposes and raises and disburses funds supporting educational opportunities for citizens of the Nation.
The principal challenge and objection of the Petitioners is that the funds of the Corporation are disbursed without the approval of the Tribal Council. The Petitioners claim that the funds raised by the Corporation are funds of the Cherokee Nation and are, therefore, subject to the restrictions of Article X, Section 7 of the Constitution prohibiting “any donation by gift, or otherwise, to any individual firm, company, corporation or association without the approval of the Tribal Council.”
This Court assumes jurisdiction of this matter pursuant to Article VII of the Constitution of the Cherokee Nation (1976).
The parties have submitted trial briefs and have agreed that the matter may be submitted upon the briefs for decision as a matter of law, agreeing that there is no dispute of fact to be resolved. Each has attempted to define for the Court what the specific legal issues are and the parties disagree as to what those issues are. Further, a finding of procedural grounds for dismissal is requested in Respondent’s Brief. At this stage of the proceedings, the Respondent having answered and the matter being at issue by agreement, we find that the objection to alleged procedural defects has been waived. We further find that the Education Corporation is not a necessary party for our declaratory review of the questioned legislation.
THE CHARACTER OF THE FUNDS
The question to be resolved is whether the funds raised by the Corporation are funds of the Cherokee Nation. If they are not, then the Constitutional restrictions do not apply and the funds may be distributed at the discretion of the Corporation, The Petitioners argue and allege that the Corporation is not an independent corporation separate from the Cherokee Nation but is de facto an instrumentality of the Cherokee Nation. If we find this to be true, then the funds of the Corporation would have no different character than other collected funds of the Nation, and would not, therefore, qualify for non-tax status under the IRS Code. Title 26, Section 501(c)(3) exempts certain organizations from taxation to-wit:
(3) Corporations, and any community chest, fund, or foundation, organized and *14 operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of. athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.
 If the Education Corporation does not have a separate and independent existence from the Cherokee Nation, it obviously would not qualify for exemption under the applicable IRS Code. Further, for qualified IRS non-profit status, the organizing documents must have a mandatory clause regarding dissolution and disposition of assets. This clause is included in Section 213 of LA 2-96. It requires that the assets of the Corporation be transferred only to entities qualifying under Section 501(c)(3).
We therefore find that nothing in LA 2-96, LA 11-96 or LA 17-96, violates the provisions of Article X, Section 7 of the Constitution of the Cherokee Nation (1976). The funds raised are the funds of the Corporation and subject to disbursement at the discretion of the management of the Corporation, subject to IRS restrictions.
In reaching this conclusion, we are cognizant that LA 2-96 names the Principal Chief, Deputy Chief and Chairman of the Finance and Budget Committee as the “Incorporators” of each Cherokee Nation nonprofit corporation. The amendment of LA 11-96 added the Co-Chair of the Finance and Budget Committee as an eligible incorporator. LA 17-96 added the provision that the board of directors consist of not less than five nor more than 11 members and that they be appointed by the Principal Chief and confirmed by the Council.
After this Legislative action, in 1997, this Court in Cantrell v. Cherokee Nation, et. al, JAT-97-01, issued its Opinion which included findings that it was a conflict of interest for the Principal Chief to serve on Corporate Boards and that it was a violation of the separation of powers provision of the Constitution for Tribal Council members to serve on corporate boards where the Principal Chief has the power of appointment. We see no reason to deviate from this Opinion with regard to nonprofit corporations. Rather, the Federal scheme of tax exemption mandates the independence of corporate control consistent with our opinion in Cantrell,
Therefore, the Court further finds that The Nonprofit Corporations Act provisions as written do not violate the Constitution of the Cherokee Nation (1976). Nor do they violate our decision in Cantrell so long as the incorporators limit themselves to initial organizational duties. However, the board of directors of each corporation appointed by the Principal Chief, confirmed by the Council and when seated to carry out the day-to-day operations of the coiporation, are subject to the prohibitions announced in Cantrell.
IT IS SO ORDERED.
CONCUR: DARELL MATLOCK, Chief Justice, STACY L. LEEDS, Justice.